UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM COFFEY, | ) | CASE NO. 5:10CV01286 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| SMITH & WESSON, CORPORATION | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's partial motion to dismiss Counts III, IV, and V, as well as the punitive damages claim, of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion (Doc. No. 3) is **GRANTED**. However, within fourteen (14) days of the date of this Order, Plaintiff may re-plead the complaint to state claims under the Ohio Products Liability Act.

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, Adam Coffey, an Ohio resident, filed this lawsuit against Defendant, Smith & Wesson, Corp., a Massachusetts corporation, "engaged in the business of manufacturing handguns, law enforcement products, and firearm safety and security products." (Doc. No. 8-1, Complaint, ¶¶ 1-2.) Plaintiff purchased a used handgun, a PPK/S-1 .380 ACP Walther, on or about April 30, 2007, which Defendant manufactured. (Complaint, ¶ 4.) On May 9, 2008, Plaintiff stated that he was unloading the handgun when it discharged, without Plaintiff touching or pulling the trigger, and a bullet entered his left palm, exited the back, and entered Plaintiff's left thigh. (Complaint, ¶ 5.) On February 20, 2009, Plaintiff received a Recall Notice from Smith

& Wesson for PPK/S handguns, which indicated that a condition may exist that permits the gun to discharge a bullet without pulling the trigger. (Complaint, ¶ 6.)

On May 7, 2010, Plaintiff filed a complaint with the Stark County, Ohio, Court of Common Pleas. (Doc. No. 1, Notice of Removal, Ex. A.) Thereafter, on June 9, 2010, Defendant filed a notice of removal with this Court. (Doc. No. 1, Notice of Removal.) Also on June 9, 2010, Defendant filed an answer to Plaintiff's complaint and the motion for partial dismissal, which is currently before the Court. (Doc. Nos. 2 and 3, Answer and Motion for Partial Dismissal, respectively.) Subsequently, Plaintiff filed a response to the motion for partial dismissal on July 9, 2010 (Doc. No. 14, Plaintiff's Response), and Defendant filed a reply on July 20, 2010 (Doc. No. 15, Defendant's Reply).

## II.  STANDARD OF REVIEW

In order for the Court to dismiss a claim, it must conclude that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The propriety of dismissal pursuant to Rule 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). "'A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of actions as stated in the complaint, not a challenge to the plaintiff's factual allegations.'" *Crisp v. Stryker*, No. 5:09-cv-02212, 2010 U.S. Dist. LEXIS 51390, at *7 (N.D. Ohio May 21, 2010) (quoting *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005)). The Court must construe the complaint in the light most favorable to the plaintiff, and accept all factual allegations as true. *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Crisp*, at *8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mayle v. Stryker Corp.*, No. 5:09CV1991, 2010 U.S. Dist. LEXIS 27120, at *5 (N.D. Ohio Mar. 23, 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

### III. LAW AND ANALYSIS

#### A.      The OPLA

   The Ohio Product Liability Act ("OPLA") explicitly provides that "[s]ections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action." Ohio Rev. Code Ann. § 2307.71 (2010). The definition of a product liability claim, according to the OPLA, is as follows:

> "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following: (a) [t]he design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product; (b) [a]ny warning or instruction, or lack of warning or instruction, associated with that product; (c) [a]ny failure of that product to conform to any relevant representation or warranty.

Ohio Rev. Code Ann. § 2307.71(A)(13). Defendant claims that Counts III (Negligence), IV (Negligent Design), and V (Failure to Warn) in the complaint should be dismissed since they are abrogated by the OPLA as common law product liability claims. (Doc. No. 3, Partial Motion to Dismiss ("PMTD") at ¶ 5-6.) Plaintiff responds that the claims are not abrogated by the OPLA based on an Ohio court case, *Hertzfeld v. Hayward Pool Products, Inc.*, 2007 Ohio App. LEXIS 6213 (Dec. 31, 2007), in which the court found that the OPLA did not abrogate the common law product liability claims.

As seen in a number of cases presented to the Ohio state and federal courts, including the case cited by Plaintiff, courts will not retroactively apply the current OPLA standards where the injury occurred before the amendment to the Act in April, 2005. *See Ruff v. Wal-Mart Stores East, LP*, No. 2:07cv292, 2009 U.S. Dist. LEXIS 91644, at *11 (S.D. Ohio Sep. 29, 2009) ("[I]t is the former version of Ohio products liability law that properly applies" when the injury occurred on March 4, 2005); *Moeller v. Auglaize Erie Machine Co.*, 2009 Ohio App. LEXIS 254, at **16 (Jan. 26, 2009) ("Here, [plaintiff's] injury occurred in January 2004, thus, the [plaintiffs'] common law claim for negligent product design is permitted"); *Doty v. Fellhauer Electric, Inc.*, 175 Ohio App. 3d 681, 686-87 (App. 6 Dist. 2008) ("[W]e find that the R.C. 2307.71 amendment does not apply to abrogate appellants' claims" when injury occurred in 2003, even though complaint was filed after amendment was effective); *Luthman v. Minster Supply Co.*, 2008 Ohio App. LEXIS 139, at **7 (Jan. 22, 2008) ("Since the amendment to R.C. 2307.71 occurred after Luthman's cause of action arose, we will not use the amendment effective 4-7-05, but rather, will apply the statute that was effective when Luthman's cause of action arose."); *Hertzfeld*, at ¶ 56 ("The instant cause of action arose on June 1, 2003, when appellants were injured. Therefore, the state of products liability law as of the date the cause of action arose applies.").

Conversely, when the injuries occurred after the amendment became effective, courts have applied the current OPLA standards. *See Crisp*, No. 5:09-cv-02212, 2010 U.S. Dist. LEXIS 51390 (N.D. Ohio May 21, 2010) (Court applied current OPLA standard where the injury occurred in 2006); *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 918 (N.D. Ohio 2009) ("In this case, it is undisputed that Plaintiffs' claims accrued after the amendments to the OPLA went into effect. Accordingly, if the common law negligence and breach of warranty claims asserted by

4

Plaintiffs are covered by the statutory language abrogating common law product liability causes of action, those claims are extinguished."); *Morris v. Junior Achievement of Northwest Ohio, Inc.*, 2009 Ohio App. LEXIS 5323 (Dec. 4, 2009) (court applied current OPLA standard where the injury occurred in 2006).

Therefore, since the injury to the Plaintiff occurred in 2008, after the OPLA amendment went into effect, the current OPLA standards should be used and all common law product liability claims are abrogated. Accordingly, the Court finds that the common law claims asserted in Counts III (Negligence), IV (Negligent Design), and V (Failure to Warn) of the complaint are abrogated by the OPLA. While Counts IV and V used some of the language from the pertinent sections of the OPLA (Section 2307.75 ("benefits" and "risks") and Section 2307.76 ("knew or, in the exercise of reasonable care, should have known" and "associated risks"), the language used in all of the aforementioned counts does "sound in common law." (Motion for Partial Dismissal, ¶ 7.) Some regularly used examples of common law language in the complaint are "negligence," "duty," and "direct and proximate result." (Complaint, ¶¶ 26-43.) Additionally, while the first two counts in the complaint cite to the OPLA, Counts III, IV, and V do not. "'Claims that are authorized by the OPLA, should be pled with reference to the applicable provision of the OPLA.'" *Crisp*, No. 5:09-cv-02212, 2010 U.S. Dist. LEXIS 51390, at *10 (N.D. Ohio May 21, 2010) (quoting *Stratford v. SmithKline Beecham Corp.*, No. 2:07-cv-639, 2008 U.S. Dist. LEXIS 84826, at *15-16 (S.D. Ohio June 17, 2008)).

The Court will dismiss the complaint as written without prejudice and permit the Plaintiff to re-plead the complaint. *See Crisp*, at *10. It is appropriate in this Court's view to allow Plaintiff to re-plead because, "while the OPLA does abrogate all common law products liability causes of action, certain of [Plaintiff's] claims (while subject to dismissal as currently

pled) may find bases under the OPLA." *Id*. at *11. Also, the Defendant will not be prejudiced by permitting the Plaintiff to re-plead the complaint, and the Defendant will have an opportunity to request dismissal of the complaint once re-pled.

**B.    O.R.C. § 2307.80[1]**

The award of punitive damages related to a product liability claim is governed by O.R.C. § 2307.80, which states:

> [P]unitive or exemplary damages shall not be awarded against a manufacturer or supplier in question in connection with a product liability claim unless the claimant establishes, by clear and convincing evidence, that harm for which the claimant is entitled to recover compensatory damages in accordance with section 2307.73 or 2307.78 of the Revised Code was result of the misconduct of the manufacturer or supplier in question that manifested a flagrant disregard of the safety of persons who might be harmed by the product in question. The fact by itself that a product is defective does not establish a flagrant disregard of the safety or persons who might be harmed by that product.

Ohio Rev. Code Ann. § 2307.80 (2010).

Defendant contends that, according to *Hertzfeld*, actual malice must be proven in order to recover punitive damages. Plaintiff asserts that he does not need to prove malice since the proof requirement under § 2307.80 is "misconduct of the manufacturer or supplier in question that manifested a flagrant disregard of the safety of persons who might be harmed by the product in question." The Court agrees with the Plaintiff. District courts in the state of Ohio, including this Court, have found that "flagrant disregard" is the appropriate standard. *See Crisp*, at *12 (this Court stated that the proper standard under Ohio Rev. Code Ann. § 2307.80(A) is "flagrant disregard"); *Acton v. Excel Industries, Inc.*, No. 2:08cv315, 2009 U.S. Dist. LEXIS 53158, at *15 (S.D. Ohio June 23, 2009) ("Neither the punitive damages statute, § 2307.80, nor

---

[1] Defendant originally claimed that the appropriate standard for awarding punitive damages was O.R.C. § 2315.21. (Doc. No. 3, ¶ 10.) However, Plaintiff contended, and Defendant agreed in his reply, that the appropriate standard is outlined in O.R.C. § 2307.80. (Doc. Nos. 14, 15.)

Ohio case law stand for the proposition that the actual word 'malice' must be specifically pled."); *Lum v. Mercedes Benz USA, L.L.C.*, No. 3:05cv7191, 2006 U.S. Dist. LEXIS 24486, at *5 (N.D. Ohio Apr. 18, 2006) ("To recover punitive damages, the plaintiffs must prove by clear and convincing evidence that the injuries resulted from the defendant's 'flagrant disregard for the safety of person [sic] who might be harmed by the product in question.'").

Defendant misconstrues the finding in *Hertzfeld* as Plaintiff did with regard to the OPLA standard. In *Hertzfeld*, the court found that the standard for punitive damages outlined by § 2307.80 is "flagrant disregard," and then found that malice was required under "[t]he common law of product liability" for punitive damages. 2007 Ohio App. LEXIS 6213, at ¶ 71 (Dec. 31, 2007). In a footnote, the court stated that "R.C. 2307.80(D) was also added by S.B. 80 and does not apply in the event punitive damages become an issue." *Id.* at ¶ 71, n. 3. The court in *Hertzfeld* required malice instead of flagrant disregard because the current, amended version of the OPLA was not applicable as the injury in that case occurred before the amendment became effective. *Id.* at ¶ 56. Therefore, since the common law claims of product liability were not abrogated in that case, the court used the common law standard of malice to determine punitive damages.

In the case at bar, since the injury occurred after the amendment became effective and common law claims are abrogated, the appropriate standard is "flagrant disregard" under § 2307.80. Even viewing the complaint in the light most favorable to the plaintiff, "[t]his Court cannot determine, at this point, whether [plaintiff's] allegations as stated in the [complaint] may meet the OPLA's 'flagrant disregard' standard." *Crisp*, at *12.

"When the plaintiff includes a request for punitive damages in the complaint, but fails to allege sufficient facts to support an inference of [flagrant disregard for safety], the

7

plaintiff must, at a minimum, amend the complaint to add sufficient facts." *Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan, Inc.*, No. 07cv1005, 2008 U.S. Dist. LEXIS 21339, at *36-37 (N.D. Ohio Mar. 18, 2008) (Court allowed Plaintiffs to amend complaint as they did not provide sufficient facts to infer actual malice) (citing *Lum*, at *2 (N.D. Ohio Apr. 18, 2006) (Although the new request for punitive damages was time-barred, Plaintiffs amended their complaint to provide additional facts to support the punitive damages request)). "This assumes, of course, that such an amendment can be made in good faith." *Id*. at *37. The Court, as stated above, will allow the Plaintiff to re-plead his complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss (Doc. No. 3) is **GRANTED**, without prejudice. Within fourteen (14) days of the date of this Order, Plaintiff may re-plead his complaint, to the extent possible, under the OPLA. Defendant may file a motion, answer, or other responsive pleading, as appropriate, in accordance with the time limits provided by Rule.

**IT IS SO ORDERED**.

Dated: January 11, 2011

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

8